### CURTIS v. CURTIS et al.

(Supreme Court, Appellate Division, Third Department.   May 22, 1908.)

PARTIES—DEFECT OF PARTIES—OBJECTION—DEMURRER.

An item of a will, copied in a complaint, which gives the income of testator's house and lot to his three children during their natural lives, and then provides, "And after the death of my sons I direct that the same shall go to their respective child or children, and that the child or

children of each of my said sons shall only take the share that his or her or their father would have taken had I died intestate, and if any time said sons shall die leaving no children him surviving, then I direct that the share which would have gone to this child or children shall go to the child or children of my other said sons in this paragraph mentioned," was not equivalent to an allegation that there were children of any of the sons surviving, so as to render the complaint demurrable for defect of parties apparent on the face of the complaint; it being unascertainable from the will itself, which related to children born after the making of the will as well as before, whether any of the sons had children.

Chester and Sewell, JJ., dissenting.

Appeal from Special Term, Saratoga County.

Action by Eugene B. Curtis against Harriet A. Curtis and others. From a judgment sustaining demurrers and dismissing the complaint, plaintiff appeals. Reversed, with leave to defendants to withdraw the demurrers and answer.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

J. W. Atkinson, for appellant.

Thomas O'Connor, for respondent.

JOHN M. KELLOGG, J. I think the will did not suspend the power of alienation. A complaint is demurrable for a defect of parties, where it appears upon the face thereof that necessary parties are omitted. Code Civ. Proc. § 488.

It is claimed that the provision of the fourth item of the will, copied into the complaint, sufficiently indicates that there is such defect of parties. By that item in the will the testator gives the income of his house and lot to his three children during their natural lives, and then provides:

"And after the death of my sons I direct that the same shall go to their respective child or children, and that the child or children of each of my said sons shall only take the share that his or her or their father would have taken had I died intestate, and if any time said sons shall die leaving no children him surviving, then I direct that the share which would have gone to this child or children shall go to the child or children of my other said sons in this paragraph mentioned."

I do not think that this is equivalent to an allegation in the complaint that there were children of any of the sons surviving. If there were such children, any party to the litigation had the right, upon an application to the court, to have them brought in and their rights adjudicated. The testator was not providing for a situation as it existed in 1889 when the will was made, but for a situation as it might exist upon the death of one or more of his sons after his death. The provision cited would relate to children born after the making of the will, as well as those born before, and it cannot be ascertained from the will itself whether any of the sons have children. There was no defect of parties appearing upon the face of the complaint. The interlocutory judgment should therefore be reversed, with the usual leave to the defendant to withdraw the demurrer and answer upon payment of costs. All concur, except CHESTER and SEWELL, JJ.